UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEON JACKSON,

   Plaintiff,

      v.

THE DISTRICT OF COLUMBIA, *et al.*,

   Defendants.

Civil Action No. 13-205 (CKK)

**MEMORANDUM OPINION**
(June 13, 2013)

Plaintiff Deon Jackson filed suit against the District of Columbia, and Metropolitan Police Department Officers Joshua Boutaugh and Michael Weiss, asserting violations of the Plaintiff's civil rights, in addition to common law tort claims in connection with a traffic stop during which the Plaintiff alleges Officer Boutaugh broke the Plaintiff's arm. Presently before the Court is the District of Columbia's [8] Motion to Dismiss Count I of the Plaintiff's Complaint. Upon consideration of the pleadings[1] and the relevant legal authorities, the Court finds the Plaintiff failed to allege a violation of certain constitutional rights, and failed to sufficiently plead a connection between any District policy and the purported violations of his constitutional rights. Accordingly, the District of Columbia's motion is GRANTED and Count I of the Complaint is DISMISSED WITHOUT PREJUDICE as to the District of Columbia.

**I. BACKGROUND**

The following facts are drawn from the Plaintiff's Complaint, which the Court accepts as true for purposes of deciding the District of Columbia's motion to dismiss. On or about

---

[1] Def.'s Mot., ECF No. [8]; Pl.'s Opp'n, ECF No. [12]; Def.'s Reply, ECF No. [14].

February 18, 2012, the Plaintiff was driving in the area of the 900 block of Rhode Island Avenue, Northeast, in Washington, D.C.  Compl., ECF No. [1], ¶ 6.  Officers Weiss and Boutaugh pulled the Plaintiff's vehicle over, and Officer Weiss allegedly informed the Plaintiff that the Plaintiff had been observed driving erratically and violating "several traffic laws."  *Id.*  Upon Officer Weiss's request to roll down the driver's side window, the Plaintiff explained that the window was broken, and opened the door to provide Officer Weiss with his license, registration, and proof of insurance.  *Id.*  Officer Weiss then returned to the patrol car.  *Id.*

While Officer Weiss was at the patrol car, the Plaintiff alleges that Officer Boutaugh approached the passenger's side of the Plaintiff's vehicle, pointed a penlight at the Plaintiff, and asked "what's up homey."  Compl. ¶ 7.  Officer Boutaugh then purportedly asked the Plaintiff if he would agree to undergo a breathalyzer test and consent to a search of his vehicles.  *Id.*  The Plaintiff replied no, and closed the driver's side door, informing Officer Boutaugh that he was cold.  *Id.*  The Plaintiff alleges that Officer Boutaugh proceeded to run to the driver's side of the vehicle, yank open the door, and "violently yank[] Plaintiff from the vehicle while bending his arm back."  *Id.*  The Plaintiff asserts that he was not resisting, but felt excruciating pain as Officer Boutaugh pulled the Plaintiff out of the vehicle and "slam[med] him up against the vehicle very hard and handcuff him."  *Id.*  After the Plaintiff complained that he was unable to move his arm and believed it was broken, Officer Weiss called an ambulance, which transported the Plaintiff to Washington Hospital.  *Id*. at ¶ 8.

The Plaintiff alleges that while he was in the emergency room at Washington Hospital, he was approached by a "Sergeant Pope" and asked to submit to a breathalyzer or blood alcohol test.  Compl. ¶ 8.  The Plaintiff refused, and asked to speak to a lawyer.  *Id.*  The Plaintiff was diagnosed with multiple fractures in one of his arms, although the Complaint never identifies

2

which arm was broken. *Id.* at ¶ 9.  The Plaintiff alleges, without further elaboration, asserts that he was "treated and later placed under arrest for assault on a police officer" and transported to the Fifth District MPD station. *Id.*

The Plaintiff claims that on or about July 20, 2012, the charge(s) against the Plaintiff were dismissed for want of prosecution.  Compl. ¶ 10.  The Plaintiff filed suit on February 15, 2013, asserting eight causes of action: (1) deprivation of civil rights under color of law in violation of 42 U.S.C. § 1983 as to all Defendants; (2) assault/battery against Officer Boutaugh; (3) intentional infliction of emotional distress as to Officers Boutaugh and Weiss; (4) false arrest/false imprisonment as to Officers Boutaugh and Weiss; (5) malicious prosecution as to Officers Boutaugh and Weiss; (6) negligent failure to properly train and supervise against the District of Columbia; (7) negligent hiring/retention as to the District of Columbia; and (8) negligence as to all Defendants.  The District of Columbia now moves to dismiss Count I for failure to state a claim.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides that a party may challenge the sufficiency of a complaint on the grounds it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).  Rather, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S .Ct. at 1949.  The Court

may consider "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint," or "documents upon which the plaintiff's complaint necessarily relies even if the document is produced not by [the parties]." *Ward v. D.C. Dep't of Youth Rehab. Servs.*, 768 F.Supp.2d 117, 119 (D.D.C. 2011) (citations omitted).

### III. DISCUSSION

Section 1983 provides a remedy against "any person" who, under color of state law, deprives another of rights protected by the Constitution. 42 U.S.C. § 1983. In *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), the Supreme Court held that municipalities and other local government entities were included amongst those persons to whom § 1983 applies. 436 U.S. at 690. However, the Court indicated that municipalities may not be held liable under section 1983 "unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Id*. at 691. "[A] municipality cannot be held liable *solely* because it employs a tortfeasor---or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Id.* Rather, "it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Id.* Municipality liability under section 1983 involves two separate issues: "(1) whether plaintiff's harm was caused by a constitutional violation, and (2) if so, whether the city is responsible for that violation." *Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992). The District of Columbia moves to dismiss Count I of the Complaint on the grounds the Plaintiff failed to adequately plead both a constitutional violation, or facts sufficient to state a plausible claim that the District of Columbia is responsible for any constitutional violation.

    A.    *Constitutional Violation(s)*

Count I of the Complaint states in conclusory form that "[t]he Defendants [sic] actions

arise under the United States Constitution, particularly under the provisions of the First, Fourth, Fifth, Sixth and Fourteenth Amendments." Compl. ¶ 16.  As the District of Columbia notes, the Fourteenth Amendment does not apply to the District.  *See Bolling v. Sharpe*, 347 U.S. 497, 498-99 (1954).  Moreover, the Plaintiff's Opposition offers no response to the District of Columbia's argument that the Complaint failed to provide sufficient factual allegations that, if true, would establish a violation of the Plaintiff's constitutional rights under the First, Fourth, and Sixth Amendments.  "It is well understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded."  *Hopkins v. Women's Div., Gen. Bd. of Global Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003).  Accordingly, to the extent the Plaintiff purports to bring a claim under section 1983 against the District of Columbia for violations of his First, Fourth, or Sixth Amendment rights, the claim is dismissed without prejudice.  To the extent the Plaintiff attempts to bring a claim under section 1983 against the District of Columbia for violations of his Fourteenth Amendment rights, the claim is dismissed with prejudice.

> B.   *District of Columbia's Responsibility for Constitutional Violations*

The District of Columbia further argues that the Plaintiff failed to adequately allege that a policy or custom of the District of Columbia caused any violations of the Plaintiff's constitutional rights.  Under this prong, "[t]he court must determine whether the plaintiff has alleged an 'affirmative link,' such that a municipal policy was the 'moving force' behind the constitutional violation." Baker v. District of Columbia, 326 F.3d 1302, 1306 (D.C. Cir. 2003) (citations omitted). The Plaintiff's Opposition points to three paragraphs in the Complaint that purportedly allege the necessary link: paragraphs 2, 3, and 10.  Pl.'s Opp'n at 2.   All three

citations appear to be in error, as paragraphs 2, 3, and 10 of the Complaint discuss the Court's jurisdiction, the Plaintiff's residency, and the failure of Officers Weiss and Boutaugh to appear in court, respectively. Moreover, Paragraphs 14 through 20 of the Complaint, which comprise Count I, fail to include even a single reference to any District policy.

      The remainder of the Complaint fares no better in satisfying the pleading requirements for municipal liability. Paragraph 4 states that "[t]he District of Columbia through its agents, DCMPD and/or its officers operates under, and administers a set of law enforcement policies, rules, practices and customs involving the arrest, apprehension and detention of citizens, as well as the hiring, training and supervision of its police officers." However, the Complaint offers no factual allegations as to what policy, rule, practice or custom cause the violation of his constitutional rights, or otherwise explain how a District policy "was the moving force behind the constitutional violation." *Bake*, 326 F.3d at 1306. Absent any factual allegations to show an "affirmative link" between a policy or custom and the purported constitutional violation, the Plaintiff fails to state a claim for municipal liability. *Id.*

      In his Opposition, the Plaintiff emphasizes that he "has alleged that the District failed to properly train Defendant officers on 'proper investigation procedures and the procedures for searching and arresting of individuals that they come into contact with,' and that the District was aware of this deficiency." Pl.'s Opp'n at 2 (quoting Compl. ¶ 43). The language quoted by the Plaintiff is derived from Count VI of the Complaint, negligent failure to properly train and supervise. The Supreme Court has "have previously rejected claims that the Due Process Clause should be interpreted to impose federal duties that are analogous to those traditionally imposed by state tort law." *Collins*, 503 U.S. at 128. A claim based on "a city's alleged failure to train its employees" lies in negligence, and cannot support a constitutional claim. *Id.* The Plaintiff's

6

n/a

conclusory allegations as to the District's purported negligence in training Officers Boutaugh and Weiss are insufficient to state a claim for municipal liability under section 1983.

## IV.  CONCLUSION

For the foregoing reasons, the Court finds the Plaintiff failed to state a claim for municipal liability under 42 U.S.C. § 1983 against the District of Columbia.  The Plaintiff conceded that he failed to allege a violation of his First, Fourth, and Sixth Amendment rights, and the Fourteenth Amendment does not apply to the District of Columbia as a matter of law.  Furthermore, the Plaintiff failed to plead any facts demonstrating an affirmative link between any District policy or regulation and the purported violations of the Plaintiff's constitutional rights.  Accordingly, Count I of the Complaint is DISMISSED WITHOUT PREJUDICE as to the District of Columbia.  An appropriate Order accompanies this Memorandum Opinion.

 

       */s/*
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE